**Slip Op. 03-125**

# UNITED STATES COURT OF INTERNATIONAL TRADE

---

CEMEX, S.A.,                                      :
                                                 :
                    Plaintiff,                    :
                                                 :
          v.                                      :
                                                 :
UNITED STATES,                                    :     Consol. Court No. 93-10-00659
                                                 :
                    Defendant,                    :
                                                 :
          and                                     :
                                                 :
THE AD HOC COMMITTEE OF AZ-NM-TX-FL               :
PRODUCERS OF GRAY PORTLAND CEMENT                 :
AND NATIONAL CEMENT COMPANY OF                    :
CALIFORNIA,                                       :
                                                 :
                    Defendant-Intervenors         :
                    and Cross-Plaintiffs.         :
                                                 :

---

[Defendant-Intervenors' motion to enforce judgment granted in part, denied in part. Motion for reconsideration denied.]

Dated: September 25, 2003

Manatt, Phelps & Phillips (Irwin P. Altschuler, Jeffrey S. Neeley and Donald S. Stein) for plaintiff.

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (David S. Silverbrand), Edward N. Maurer, Deputy Assistant Chief Counsel, International Trade Litigation, United States Bureau of Customs and Border Protection, of counsel, for defendant.

King & Spalding LLP (Joseph W. Dorn, Michael M. Mabile and Jeffrey M. Telep) for defendant-intervenors and cross-plaintiffs.

**OPINION**

**RESTANI, Judge:**

This matter is before the court on supplemental briefing following the court's opinion herein, <u>Cemex S.A. v. United States</u>, No. 93-10-00659, Slip Op. 03-102 (Ct. Int'l Trade Aug. 12, 2003), finding certain entries to be finally liquidated and not subject to further reliquidation, pursuant to 19 U.S.C. § 1514(a).  The court declines to reconsider that opinion as requested by defendant-intervenors based on <u>AK Steel Corp. v. United States</u>, No. 03-00102, Slip Op. 03-116 (Ct. Int'l Trade Sept. 3, 2003), in which entries liquidated in violation of a court order were found to be void liquidations.  Here the liquidations did not occur while a court-ordered injunction of liquidation was in effect.  Thus, <u>AK Steel</u> is inapplicable.

The court must now determine the proper disposition of two entries not addressed in its August 12, 2003, opinion.  First, the one unliquidated Los Angeles entry shall be liquidated at the rate required by 19 U.S.C. § 1516a(e).  As noted by the Government, this entry was never liquidated and should now be liquidated properly.  As there is no evidence of notice qualifying as sufficient notice for deemed liquidation, liquidation at the proper court-ordered rate shall now take place.  The fact that certain Customs officials may have assumed removal of suspension of liquidation, in that some other entries were liquidated, does not establish proper notice of removal of suspension of liquidation for deemed liquidation purposes under the applicable version of 19 U.S.C. § 1504(d).

Next, the El Paso entry has been liquidated.  Pursuant to 19 U.S.C. § 1514(a), 90 days after such liquidation it became final.  Defendant-intervenors, who as domestic parties have no protest rights, filed a motion to enforce judgment herein within 90 days of the liquidation, but

took no other action to suspend the running of the 90 days. Whether or not any relief was available, the simple filing of suit does not alter the fact of liquidation. Further, liquidation did not occur in violation of an injunction. Finally, contrary to defendant-intervenors' argument, the court's order of August 12, 2003, does nothing to alter the fact that public notice of liquidation was posted more than 90 days ago. There was no voluntary reliquidation under 19 U.S.C. § 1501 on August 12, 2003, or earlier, and no equivalent of the same.

Accordingly, the one Los Angeles entry remaining unliquidated shall be liquidated as directed herein. All other relief is denied.

_____
Jane A. Restani
Judge

Dated: New York, New York.

This 25 of September, 2003.